UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NATURE'S FIRST INC., :
    Plaintiff, :
     :
-vs- : Civil No. 3:04cv615 (PCD)
     :
NATURE'S FIRST LAW, INC., :
    Defendant. :

**RULING ON DEFENDANT'S MOTION SEEKING STAY AND VACATUR OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Defendant Nature's First Law, Inc. ("NFL") moves, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(3), 60(b)(4), and 60(b)(6), for a stay and vacatur of the default judgment and permanent injunction entered against Defendant on October 25, 2005. Plaintiff Nature's First Inc. argues that Defendant's arguments and supporting affidavits are insufficient to overcome the presumption of validity that attaches to the Proof of Service attesting to service of process on Defendant. For the reasons stated herein, Defendant's Motion [Doc. No. 31] is **granted**.

I.    BACKGROUND

Plaintiff filed the present action on April 14, 2004, alleging trademark infringement, cyberpiracy, false designation of origin, and unfair competition. A summons was issued on April 15, 2004, however, Plaintiff asserts that rather than serving the complaint and summons immediately, it sent a cease and desist letter to Defendant on or about April 14, 2004 in an attempt to resolve the dispute without litigation. (Pl.'s Mem. Opp. 2.) According to Plaintiff, settlement discussions were unsuccessful and Plaintiff arranged for service of the summons and complaint on Defendant in August 2004.

The summons was returned reflecting that Plaintiff had properly served Defendant on August 12, 2004.  In support of its Motion for Default Entry against Defendant, Plaintiff attached and filed two affidavits of service sworn to on August 16, 2004 and August 17, 2004, respectively. (See Exh. A to Hanlon Aff. & Cole Aff.)  The first affidavit detailed an unsuccessful attempt, on August 11, 2004, to serve Gerald Wolfe, Defendant's designated agent for service of process. (Id.) The second affidavit indicates that Plaintiff obtained substitute service of the summons and complaint upon Stephen Arlin[1] on August 12, 2004. (Id.)  According to the second affidavit, the summons and complaint were left with Marni Wahlquist, purportedly a "Sales Executive" in Defendant's employ and the "person in charge" at Defendant's principal place of business, 1567 North Cuyamaca Street, El Cajon, California. (Id.)  Following service on Ms. Wahlquist, a copy of the documents were thereafter mailed via first-class, postage prepaid mail to the address where the copies were left, addressed to "Nature's First Law, Inc." (Id.)

Contrary to Plaintiff's account, Defendant asserts that it was never served with process in this action. (Def.'s Mem. Supp. 4.)  According to the Affidavit of Marni Wahlquist, the employee purportedly served, she was not "in charge" of Defendant's office at any time prior to or after August 2004, she was not served with any legal papers in August 2004 or any time thereafter, and no one came into Defendant's office on or about August 12, 2004 to serve any such papers. (Wahlquist Aff. ¶¶ 6-7, Exh. 1 to Vandoros Decl.)  Moreover, the Affidavit of Thor Bazler, Defendant's Chief Financial Officer and co-founder, states that (1) Ms. Wahlquist never held an officer position with NFL and was never "designated or authorized by NFL to accept service on

---

[1] Stephen Arlin legally changed his name to Thor Bazler in September 2000 and hereinafter will be referred to as Thor Bazler. (Bazler Aff. 1 n.1, Exh. 2 to Vandoros Decl.)

behalf of the corporation," (2) Ms. Wahlquist is and was not a "sales executive," nor were her job responsibilities such that she was authorized to accept service on behalf of Defendant or Mr. Bazler, (3) Ms. Walquist never advised Mr. Bazler nor any other of Defendant's officers "that she was served with legal papers on August 12, 2004 or anytime thereafter," (4) Ms. Wahlquist denies having been served and represents that she would have refused to accept service had such a situation arose, (5) Mr. Bazler "was never personally served with a copy of the Summons and Complaint in this matter," and (6) neither Mr. Bazler nor any other NFL officer or employee received a copy of the Complaint by mail. (Bazler Aff. ¶¶ 2-3, 22-26, Exh. 2 to Vandoros Decl.) Mr. Bazler contends that he did not become aware of the instant suit until November 9, 2005 when he received a letter from Plaintiff's counsel, William Speranza, regarding the default judgment obtained by Plaintiff on October 17, 2005. (Id. ¶ 19, 25; see also Exh. F to Wallis Aff.)

      Defendant failed to answer or otherwise respond to Plaintiff's Complaint, and accordingly, default was entered on October 27, 2004. Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff moved for entry of a default judgment, seeking both monetary and injunctive relief. On October, 17, 2005, this Court entered default judgment, awarding Plaintiff $50,000 in statutory damages, $10,897 in attorneys' fees, and costs. (See 10-17-05 Order 6-7.) The Court also entered an order of injunction, prohibiting Defendant from, *inter alia*, using in interstate commerce and making commercial use of the names "Nature's First Law," "Nature's First Law Online Superstore," and "www.naturesfirstlaw.com," and was ordered to forfeit and/or cancel its domain name "www.naturesfirstlaw.com" or transfer the domain name to Plaintiff. (See id. 7-8.) A Default Judgment was entered by the Clerk of this Court on October 25, 2005.

      According to the Declaration of Mitch Wallis, an attorney who has provided legal

services to NFL since early 2003, he was "in frequent contact" with Plaintiff's counsel, Mr. Speranza, from April 2004 through August 2004. (Wallis Aff. ¶ 3, 10, Exh. 3 to Vandoros Decl.) Although he believed they were "on good terms" and "had reached some type of resolution," Mr. Speranza did not disclose the fact that a lawsuit had been filed against NFL on April 14, 2004, and never inquired whether Wallis would accept service of process on behalf of NFL. (Id. ¶ 10.) Wallis maintains that he did not learn that Plaintiff had filed a lawsuit against NFL until November 9, 2005, when he was copied on the letter from Mr. Speranza to Defendant regarding the October 17, 2005 default judgment. (See id. ¶ 13; see also Exh. F to Wallis Aff.)  Defendant filed the instant motion on January 19, 2006.  On February 9, 2006, this Court entered an order staying and rendering unenforceable the default judgment and permanent injunction pending resolution of the instant motion. (See Doc. Nos. 42, 43.)

Plaintiff is a Delaware corporation with its principal place of business in Connecticut. (Compl. ¶ 2.)  Defendant is a California corporation with its principal place of business in California. (Id. ¶ 3.)

## II.   DISCUSSION

### A.   Service of Process

After a court enters a default judgment, a litigant has the right, pursuant to Rule 55(c), to petition a court to vacate the judgment upon a showing of good cause and in accordance with Rule 60(b). Fed. R. Civ. P. 55(c);[2] see also 10 Charles A. Wright et al., Federal Practice and Procedure § 2692 at 464 (2d ed. 1983).  Subsection four of Rule 60(b) provides that a court may

---

[2] Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).

relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). Other grounds for relief provided by Rule 60(b) include mistake, surprise, excusable neglect, fraud, misrepresentation, or other misconduct, or any other reason justifying relief. Id.[3]  The Second Circuit has held that a motion predicated on Rule 60(b)(4) "is unique, . . . because relief is not discretionary and a meritorious defense is not necessary," as on other Rule 60(b) motions. Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 732 n. 3 (2d Cir. 1980); accord Am. Inst. of Certified Pub. Accountants v. Affinity Card, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citing Covington Indus.).

A plaintiff must effectuate valid service of process before the district court can assert personal jurisdiction over a defendant. Affinity Card, 8 F. Supp. 2d at 375 (citing Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987)).  A default judgment entered against a party not subject to the district court's personal jurisdiction is a nullity, or is "void." Id. (citing Covington, 629 F.2d at 732); accord Local 78, Asbestos, Lead & Hazardous Waste Laborers v. Termon Constr., Inc., No. 01 Civ. 5589 (JGK), 2003 U.S. Dist. LEXIS 15181, 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003) ("[A] default judgment entered against the defendant by means of improper service is void under Rule 60(b)(4)."). Accordingly, a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law. Affinity Card, 8 F. Supp. 2d at 375 (citing Howard Johnson Int'l, Inc. v. Wang, 7 F. Supp. 2d 336, 1998 U.S. Dist. LEXIS 7841, 1998 WL

---

[3]    Rule 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

5

273096 (S.D.N.Y. 1998)).

Service of process upon a corporation may be made pursuant to Fed. R. Civ. P. 4(h)(1), or pursuant to the law of either the state in which the district court sits, or in which service is effected. See Fed. R. Civ. P. 4(e)(1), 4(h)(1).[4] Accordingly, the issue before this Court is whether service of process was effective pursuant to Fed R. Civ. P. 4(h)(1) *or* Connecticut's long arm statute *or* the laws of California.

1.  Service of Process Under the Federal Rules of Civil Procedure

Rule 4(h) provides that service upon a corporation

> shall be effected . . . (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by ***delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process*** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1) (emphasis added). Accordingly, it must be determined whether a copy of the summons and of the complaint was, in fact, delivered to one of Defendant's officers or authorized agents. Plaintiff bears the burden of establishing a basis for an inference that Defendant authorized a particular person—Marni Wahlquist, in this case—to accept service of process on its behalf. Affinity Card, 8 F. Supp. 2d at 376 (citing Scot Lubricants of Pa., Inc. v. YPF, S.A., No. 95 Civ.. 9602, 1996 U.S. Dist. LEXIS 7106, 1996 WL 278082 (S.D.N.Y. May 24, 1996), in turn citing Santos v. State Farm Fire and Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990)).

---

[4] Rule 4(e)(1), to which Rule 4(h)(1) refers, provides that service upon an individual may be made in any judicial district of the United States "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1).

Affidavits of service establish a prima facie case that service was effected or attempted in the manner described therein. Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002); Howard Johnson Int'l v. Wang, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998). Plaintiff has filed the Affidavit of Greg Cole, asserting that the information reflected in the "Proof of Service of Summons" attached as Exhibit A is true and correct. (Cole Aff.) Moreover, the Proof of Service of Summons reflects that substituted service was made on Ms. Wahlquist and that, pursuant to §§ 415.20 and 416.10 of the California Code of Civil Procedure, a copy of the summons and complaint was thereafter mailed via first class, postage prepaid mail to Defendant's primary place of business. (Exh. 3 to Hanlon Aff. & Cole Aff.) Accordingly, Plaintiff has established a prima facie case that service was effected properly.

The affidavits submitted by Defendant, however, including those of Ms. Wahlquist, Mr. Bazler, and Mr. Wallis, deny that service was made and deny any knowledge of the instant action until November 9, 2005, after Plaintiff had requested and obtained a default judgment in its favor. To the extent that Defendant did not have actual notice or knowledge of the instant action until November 9, 2005, approximately nineteen months after the filing of the complaint and after Plaintiff had already obtained a default judgment and permanent injunction, (see Bazler Aff. ¶¶ 10-19, Exh. 2; Wallis Decl. ¶¶ 11-13, Exh. 3), the burden is on Plaintiff to establish that Defendant was properly served. Cf. Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005) (holding, on a motion to vacate a default judgment based on improper service of process where a defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, that the defaulting defendant bore the burden of proof to establish that the purported service did not occur).

Defendant argues that Plaintiff not only failed to effect proper service, but failed to effect any service at all since Ms. Wahlquist, the employee who was purportedly served, asserts that she was not served and did not have authority to accept service and because Defendant never received a copy of the summons and complaint via mail. (Def.'s Mem. Supp. 6 (citing Wahlquist Aff., Exh. 1; Bazler Aff., Exh. 2.) Numerous courts have held that affidavits which merely deny service are insufficient. See, e.g., Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1995) ("The mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit.") (citing Sassower v. City of White Plains, 1993 U.S. Dist. LEXIS 13475 at *24, 89 Civ. 1267 (S.D.N.Y. Sept. 24, 1993)); Greater St. Louis Constr. Laborers Welfare Fund v. Little, 182 F.R.D. 592, 595-596 (D. Mo. 1998) (citing In re Cappuccilli, 193 B.R. 483 (Bankr. N.D. Ill. 1996)); Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 52 (D. Ill. 1989). Only one of these cases, however, involved a motion to vacate a default judgment. In that case, the motion to vacate was denied because the evidence showed that the defendants' conduct was "grossly negligent or even willful," as the defendants "refused to accept service by certified mail, ignored personal service, ignored an unambiguous notice of a status hearing set by the court, claimed that they never received notice of a motion for default mailed to an address supplied by defendants and at which they had previously received mail, and failed to appear at a citation to discover assets." Trustees of Local Union No. 727, 126 F.R.D. at 53-54. Nolan involved a motion to dismiss for failure to properly serve, see 168 F.R.D. 140, and Little involved only a motion to set aside *entry* of default; trial was held on the issue of damages, see 182 F.R.D. 592.

In contrast to these cases, the Second Circuit has held that "[a] defendant's sworn denial

8

of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Old Republic Ins. Co., 301 F.3d at 57; see also Davis v. Musler, 713 F.2d 907 (2d Cir. 1983) (holding, in light of the directly conflicting affidavits submitted by the process server and by the defendants, that the district court abused its discretion by failing to hold an evidentiary hearing to resolve the issue of whether service had been effected). Moreover, the Second Circuit has expressed a "strong 'preference for resolving disputes on the merits,'" rather than by default. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)); accord Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Because a default judgment is "the most severe sanction which the court may apply," Green, 420 F.3d at 104 (quoting Cody, 59 F.3d at 15), "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Id. (citing Powerserve, 239 F.3d at 514). Accordingly, when the parties' accounts differ but are both inherently plausible and there is nothing in the record upon which the court can resolve the dispute, the court should resolve doubts in favor of and credit the version of the party seeking vacatur of the default judgment. Affinity Card, 8 F. Supp. 2d at 376.

According to the evidence on record, Marni Wahlquist does not come within the letter of the statute as she is not and has never been a "person in charge" or one expressly authorized to accept service on Defendant's behalf. Rule 4(h)(1) does not require "rigid formalism," Affinity Card, 8 F. Supp. 2d at 376, and many courts have exercised personal jurisdiction over defendants

although service of process was not technically proper:

> The primary purpose of the federal process rule is to provide the defendant with notice that an action has been filed against it. Service therefore should be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.

Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F. Supp. 839, 842 (S.D.N.Y. 1971) (quotations omitted). Moreover, in Insurance Company of North America v. S/S Hellenic Challenger, 88 F.R.D. 545 (S.D.N.Y. 1980), the court held that although the person served was not properly authorized to receive service and had misplaced and lost the summons and complaint, service had been properly effected since the person served was "a representative of defendant 'well-integrated' into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints." Id. at 548.

In this case, however, the evidence on record shows that Defendant was not aware that an action had been filed against it until after Plaintiff had obtained the default judgment and permanent injunction. Specifically, Mr. Bazler asserts that Ms. Wahlquist never advised him nor any other NFL officer of service of process. (Bazler Aff. ¶ 24, Exh. 2 to Vandoros Decl.) Moreover, Mr. Bazler contends that he personally was never served with the summons and complaint in this action and was "completely unaware" that Plaintiff had filed a lawsuit until November 9, 2005, the date on which he received the letter from Plaintiff's counsel regarding the default judgment. (Id. ¶ 25.) Mr. Bazler also maintains that neither he nor any other NFL officer received a copy of the complaint by mail; he first saw the complaint on November 9, 2005, attached as an exhibit to the Speranza letter. (Id. ¶ 26.)

Ms. Wahlquist asserts that her job responsibilities at NFL include "oversight of all customer orders placed with the company as well as customer service for orders placed online," but maintains that she has never held an officer position with NFL and is not and has never been authorized to accept service of process on behalf of the company. (Wahlquist Aff. ¶¶ 2, 4, Exh. 1 to Vandoros Decl.)  Mr. Bazler supports her account, stating that from August 2004 to the present time, "Ms. Wahlquist's job responsibilities include oversight of all customer orders placed online through NFL's website, www.rawfoods.com." (Bazler Aff. ¶ 23, Exh. 2 to Vandoros Decl.)  Bazler maintains that Ms. Wahlquist is not a "sales executive," as claimed in the Affidavit of Service by Greg Cole, and also asserts that Ms. Wahlquist was never authorized to accept legal papers on behalf of himself or NFL. (Id.)

There is no evidence going to show that Ms. Wahlquist is "a representative of defendant 'well-integrated' into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints." See Ins. Co. of N. Am., 88 F.R.D. at 548. Moreover, in the face of the directly contradictory affidavits, the evidence does not conclusively establish that Ms. Wahlquist was ever actually served.  Many of the rulings applying a more relaxed standard for service were made in the context of motions to dismiss rather than on motions to vacate default judgments.  Given the Second Circuit's preference for resolution of suits on the merits and the prejudice resulting to Defendant if the default judgment and permanent injunction are not vacated, the procedural posture is of paramount importance. See Affinity Card, 8 F. Supp. 2d at 377.  For these reasons, and because the "motion to vacate a default judgment is "addressed to the sound discretion of the district court," Green, 420 F.3d at 104, this Court finds that Plaintiff has not met its burden of proving that service was proper.

11

Accordingly, the Default Judgment and Permanent Injunction entered on October 17, 2005 are void and must be vacated unless Plaintiff can show that service was proper under Connecticut or California law.

    2.  <u>Service of Process Under California and Connecticut Law</u>

California Code of Civil Procedure § 416.10, which governs service of process upon domestic and foreign corporations, provides, in pertinent part, that:

> A summons may be served on a corporation by delivering a copy of the summons and of the complaint: (a) To the person designated as agent for service of process . . . ; [or] (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Code Civ. Proc. § 416.10 (2006). Plaintiff, in this case, purportedly effected substitute service pursuant to California Code of Civil Procedure § 415.20 by leaving a copy of the summons and complaint with Ms. Wahlquist, an employee of Defendant, and then by mailing, via first-class mail, a copy of the summons and complaint to the address where the copies were left. (Exh. A to Hanlon Aff.) Subsection (a) of California Code of Civil Procedure § 415.20, which governs substitute service for corporations under § 416.10, provides, in pertinent part, that:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20 (2006). California's substituted service provision differs significantly from the corresponding provision in Fed. R. Civ. P. 4(h)(1) insofar as it permits service to be made on the person "apparently in charge" rather than solely on an "authorized agent," and imposes the additional requirement that the summons and complaint be mailed to the defendant by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Id.

Although the language is broader than the federal rules, the California courts have construed the language narrowly, requiring, for example, that "personal service must have been diligently attempted before substituted service may be performed." Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (holding that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made") (quoting Bein v. Brechtel-Jochim Group, Inc., 6 Cal. App. 4th 1387, 1390, 8 Cal. Rptr. 2d 351, 352 (1992)). The Bonita Packing court also held that substituted service may be insufficient where a "better method" is available, e.g., if service on a defendant was not possible, service should be made on his attorney. Id. at 614. These requirements clearly were not met in this case. Plaintiff made only one attempt to serve Mr. Bazler, and did not attempt to serve Defendant's attorney, Mr. Wallis, with whom Plaintiff's counsel had been communicating.

Connecticut General Statutes § 52-57(c), which governs service on private corporations, provides that:

> In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant

> cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922.

Conn. Gen. Stat. § 52-57(c). Like the California substitute service provision, the Connecticut statute permits service on "the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." Id. The Connecticut statute, however, like the Rule 4(h)(1) and unlike California Code of Civil Procedure § 415.20, does not impose the additional requirement that the complaint and summons be mailed to the defendant.

As discussed above, Plaintiff has submitted the process server's affidavit showing that service was made upon Ms. Wahlquist, apparently the "person in charge" at the time of service, and that a copy of the documents was subsequently mailed to the place where service was made. (Exh. A to Hanlon Aff.) Accordingly, Plaintiff has established a prima facie case that service was proper under both California and Connecticut laws. As under the Federal Rules, Defendant's affidavits to the contrary, asserting that service was not made upon Ms. Wahlquist, that she was never a person in charge, and that Defendant did not have notice of the action until November 9, 2005, rebut the presumption of proper service. For the same reasons, this Court finds that Plaintiff has not met its burden of proving that service was proper. Accordingly, it is held that the Default Judgment and Permanent Injunction entered on October 17, 2005 are void and are hereby vacated.

### B.  Stay and Vacatur of the Default Judgment and Permanent Injunction Under Rules 60(b)(3) and 60(b)(6)

Because this Court has already found that the Default Judgment and Permanent Injunction should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4), it need not address the parties' arguments regarding stay and vacatur pursuant to Rules 60(b)(3) and 60(b)(6).

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion Seeking a Stay and Vacatur of Default Judgment and Permanent Injunction [Doc. No. 31] is **granted**.  The plaintiff technically has failed to effect proper service of process. Until proper service is effected, this Court has no jurisdiction over the defendant. However, as the Court may grant relief "upon such terms as are just," Fed. R. Civ. P. 60(b), and in light of Plaintiff's apparent good faith belief that service had been properly effected, this vacatur is conditioned upon Defendant's agreement to accept service on its attorney. Such service shall be made within seven (7) days of this Order.

SO ORDERED.

Dated at New Haven, Connecticut, June  6 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut